TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-301 |
| of | : | |
| | : | June 9, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE DICK ACKERMAN, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Does a forfeiture of office result if a public official, in exchange for "frequent-flier" miles earned by the official without regard to his or her status as an officeholder, accepts (1) an airline ticket for personal use, (2) an airline ticket for use by a family member, or (3) an annual airline pass for use by a family member?

## CONCLUSION

A forfeiture of office does not result if a public official, in exchange for "frequent-flier" miles earned by the official without regard to his or her status as an officeholder, accepts (1) an airline ticket for personal use, (2) an airline ticket for use by a family member, or (3) an annual airline pass for use by a family member.

## ANALYSIS

California Constitution, article XII, section 7 provides in pertinent part:

"A transportation company may not grant free passes or discounts to anyone holding an office in this state; and the acceptance of a pass or discount by a public officer, other than a Public Utilities Commissioner, shall work a forfeiture of that office. . . ."

We are asked whether this provision will cause the forfeiture of an office if the officeholder exchanges "frequent-flier" miles earned by the official without regard to his or her status as an officeholder to obtain airline tickets or passes for personal use or for the use of a family member. We conclude that the constitutional provision would be inapplicable in the described circumstances.

The "frequent-flier" program in question gives "miles" for paid travel on the airline. Additional miles are earned by paying for the tickets with a particular credit card. Miles are also given for

obtaining related travel services from "partners" of the airline such as designated car rental companies and hotels. Bonus mileage may be earned by flying specified routes or traveling during designated periods. The "awards" are free annual passes or tickets, fare discounts, and upgrades in class for the traveler or his or her family member. The awards are granted according to a published schedule and solely for the number of miles flown or goods or services purchased.

The constitutional forfeiture provision would appear at first glance to be straightforward and free of ambiguity. A public official may not accept a free pass or discount for personal use or use by a family member from a transportation company without forfeiting his or her office. An airline is a "transportation company" for purposes of the prohibition. (67 Ops.Cal.Atty.Gen. 81, 83 (1984); see Pub. Util. Code, §§ 211, 216; Civ. Code, § 2168; *People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621.) Why is the prohibition not applicable here?

We have examined this constitutional provision on several occasions in various contexts. In 67 Ops.Cal.Atty.Gen. 81, *supra*, we concluded that a public official could accept a free pass from an airline if it was granted to all spouses of flight attendants and he so qualified as a spouse of a flight attendant. We stated:

"The principal constitutional issue presented is whether a transportation pass may be provided to a legislator as a member of a larger group unrelated to the legislative process. . . .

"It is unclear from a [literal] examination of article XII, section 7 whether it applies to a public officer only in such specific capacity, or extends to such officer without regard to his membership in some external class or universe. The article does not directly answer whether a transportation company may grant a discount to a public officer on a certain day or at a certain time or hour in which it grants a discount to every other passenger, or as one of many `persons injured' in an accident or wreck as provided in subdivision © of section 523 of the Public Utilities Code. In arriving at the meaning of constitutional language, consideration must be given to the words employed, giving to every word, clause and sentence their ordinary significance. If doubt or ambiguity remains, then well recognized extrinsic aids may be introduced. Among these is a consideration of the objective sought to be accomplished. [Citations.]

"Article XII, section 7 (formerly § 19), was adopted to control the perceived corruptive influences of the railroads upon the legislative process. [Citations.] Would the acceptance of a free or discounted transportation pass by a member of the Legislature as a spouse of a flight attendant tend to corrupt the legislative process? It is apparent that the perceived corruptive influence consisted of the granting of special benefits in exchange for legislative favor. Thus, explicitly or implicitly, legislation favorable to the railroads was the quid pro quo. From this perspective, the pertinent question is not whether the pass be gratuitous vis-a-vis the company employee but whether it be granted subject to some express or implied condition of legislative or other official approbation.

"If, as we assume in the absence of contrary advisement or indication, the sole condition for the receipt of the propounded benefit is the spousal relationship, then the element of corruptive influence appears to be lacking, and the application of the constitutional prohibition would fail to serve its intended objective.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"We consider disqualification from public office a significant civil disability. . . . Thus, any ambiguity in a constitutional provision calling for forfeiture of an existing office and disqualification from holding public office should be resolved in favor of continued eligibility." (*Id.* at p. 84.)

(*Id.*, at p. 84.)

We reached a similar conclusion with respect to a free upgrade to first-class air travel when it was accorded because of an airline's policy of granting such benefits to honeymooning couples, and not because of the recipient's status as an officeholder. (74 Ops.Cal.Atty.Gen. 27, 29 (1991) ["the Constitution does not prohibit a person on his honeymoon, whether or not such person holds a public office, from accepting a free or discounted air travel pass when such passes are offered on the same conditions to all such persons"].) **Footnote No. 1**

Here, we believe the significant point is that the frequent-flier benefits are received by the public official because of his or her membership in a class *other than that of public officers*. Our 1984 and 1991 opinions fully support the conclusion that the constitutional forfeiture provision is inapplicable when the free pass or discount is made available without regard to the official's status as an officeholder.

We thus conclude that a forfeiture of office does not result if a public official, in exchange for "frequent-flier" miles earned by the official without regard to his or her status as an officeholder, accepts (1) an airline ticket for personal use, (2) an airline ticket for use by a family member, or (3) an annual airline pass for use by a family member.

\* \* \* \* \*

---

**Footnote No. 1**
On the other hand, we stated in 76 Ops.Cal.Atty.Gen. 1, 2-3 (1993):

"[A] court may find a forfeiture of office even though (1) the officer was completely unaware of the provision; (2) the officer had no regulatory power or other official influence over the activities of the transportation company or any other transportation company; (3) the transportation company's activities were not restricted to intrastate business, but included interstate and international operations as well; (4) the officer, upon learning of the prohibition, immediately reimbursed the carrier for the transportation received; and (5) the officer's travel was personal travel rather than official business. [Citations.]"